IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>SOMHPETH THAODARA,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER CONTINUING TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>Case No. 2:22-CR-187 TS<br><br>District Judge Ted Stewart |

Based on the Defendant's Unopposed Motion to Continue Jury Trial, in the above-entitled case and for good cause appearing, the Court makes the following findings:

    1.    A Complaint was filed in this case on May 10, 2022.[1] Defendant first appeared before a judicial officer on May 17, 2022, and was detained.[2] An indictment was returned on May 25, 2022,[3] and the Defendant was arraigned on May 26, 2022.[4] All time between the initial trial setting of August 1, 2022, and the current May 15, 2023 trial setting was properly excluded by the Court.[5]

    2.    Defendant seeks a continuance under 18 U.S.C. § 3161(h)(7)(B)(iv). This is the second request to continue trial in this matter filed by this defendant.

---

[1] Docket No. 1 (SEALED).

[2] Docket No. 12.

[3] Docket No. 22 (SEALED).

[4] Docket No. 27.

[5] Docket Nos. 40, 41, 61, and 112.

3. Defendant alleges that the continuance is necessary because failure to grant such a continuance would result in a miscarriage of justice and would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

4. The facts that support this allegation, including the length of the delay, include the following: On May 17, 2022, counsel was appointed for Defendant. On, February 1, 2023, Defendant moved for new counsel to be appointed. On February 2, 2023, Magistrate Judge Romero granted Defendant's Motion and appointed current counsel to represent Defendant. Current Counsel requires additional time to review discovery and otherwise prepare for trial.

5. The length of delay requested is 120 days.

6. Counsel for the government has been contacted and does not object to the continuance.

7. Defendant is in custody, and after consultation with counsel, understands the basis for the requested continuance.

8. The co-defendants in this case have entered a guilty plea.

9. An "ends of justice" exclusion of time under the Speedy Trial Act is disfavored and "was meant to be a rarely used tool for those cases demanding more flexible treatment."[6] However, based on the foregoing findings, a failure to grant the requested continuance would result in a miscarriage of justice and deny Defendant's counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[7] Therefore, the ends of

---

[6] *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).

[7] 18 U.S.C. § 3161(h)(7)(B)(I), (iv).

justice served by such continuance outweigh the best interest of the public and the Defendant in a speedy trial.[8]

10.    Prior to appointment of new counsel for Defendant, Defendant and the government had each filed motions in preparation for trial.[9] Because of the appointment of new counsel for Defendant and the requested continuance, the Court finds good cause to deny the pending trial motions without prejudice. The parties may refile these motions at the appropriate time.

THERFORE, IT IS HEREBY ORDERED, that the Defendant's Motion (Docket No. 119) is GRANTED.  The 5-day jury trial previously scheduled to begin on May 15, 2023, is continued to the 11th day of September 2023, at 8:30 a.m. Accordingly, the time between the filing of the Motion, April 13, 2023, and the new trial date set forth above is excluded from computation under the Speedy Trial Act. It is further

ORDERED that the pending trial motions (Docket Nos. 83 and 95) are DENIED without prejudice.

Signed April 17, 2023.

BY THE COURT

_____
Ted Stewart
United States District Judge

---

[8] *Id.* § 3161(H)(7)(A).

[9] Docket Nos. 83 and 95.